UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GATES SISK, )
   Plaintiff, )
)
vs. ) No. 20-4109
)
BRAD ABERNATHY and
LOUIS GLOSSIP, )
   Defendants )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Correctional Chief Brad Abernathy and Administrator Louis Glossip violated his constitutional rights at the Knox County Jail.

Plaintiff says on April 30, 2020, Officer Mitchell entered E pod and got into a verbal confrontation with another inmate. For reasons which are not explained, the altercation led to Plaintiff being locked down in his cell for 24 hours without a shower

1

or yard time.  Plaintiff also says the toilet water contained feces.  Plaintiff provides no further information about this claim.

Plaintiff does not state whether he was a pretrial detainee or a convicted prisoner at the time of the incident.  If the Plaintiff was a pretrial detainee, his claim would be assessed pursuant to the Fourteenth Amendment Due Process clause. *See Hardeman v. Curran*, 933 F.3d 816, 821–22 (7th Cir. 2019).  Therefore, the Plaintiff "need only allege that 'defendant's conduct was objectively unreasonable'—in addition to alleging that the conditions of confinement were sufficiently serious." *Sibley v. Dart,* 2019 WL 8544391, at *3 (N.D.Ill. March 18, 2019*), quoting McWilliams v. Cook Cty.*, 2018 WL 3970145, at *5 (N.D. Ill. Aug. 20, 2018).

Conditions are sufficiently serious if they deny a detainee "the minimal civilized measure of life's necessities." *Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019), *quoting Budd v. Motley*, 711 F3d 840, 842 (7th Cir. 2013). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Morris v. Ley*, 331 Fed. Appx. 417, 420 (7th Cir. 2009).

A brief one-day denial of a shower or yard time does not rise to the level of a constitutional violation. *See i.e. Erler v. Dominguez*, 2010 WL 670235, at *6 (N.D.Ind. Feb. 18, 2010)("Constitution does not require penal facilities to provide daily showers for prisoners.").  It is unclear whether Plaintiff's claim concerning the toilet in his cell is sufficient to state a Fourteenth Amendment claim based on the scant detail provided.

In addition, Plaintiff has not explained how the named Defendants are responsible for his claims. In order to hold an individual liable pursuant to 42 U.S.C.

§1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id.* quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (Supervisors are not liable for the errors of their subordinates).

The Court will allow Plaintiff a brief extension of time to file an amended complaint if he believes he can state a constitutional violation based on the condition of his toilet. Any amended complaint must include all claims against all Defendants and must not refer to any previous complaint. However, Plaintiff must not simply repeat claims previously considered and dismissed.

For Plaintiff's claim concerning the toilet in his cell, Plaintiff must clarify whether he is alleging the toilet was malfunctioning and if so, how? Plaintiff must state how long the toilet was in the condition alleged and if he had access to any other toilet during this time. In addition, Plaintiff must state how any Defendant knew about the problem. For instance, did Plaintiff complain to anyone? Finally, Plaintiff must state whether he was a pretrial detainee at the time, or whether he was a convicted prisoner.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

2) If Plaintiff believes he can state a constitutional violation based on the condition on his toilet, he may file a proposed amended complaint in compliance with this order within 21 days of this order.  If Plaintiff does not file a proposed amended complaint on or before November 9, 2020 or does not follow the Court's directions, his case will be dismissed.

3) Plaintiff is reminded he must immediately notify the Court in writing of any change in his mailing address and telephone number, or his case can be dismissed.

4) The Clerk is directed to reset the internal merit review deadline within 30 days of this order.

ENTERED this 20th day of October, 2020.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE